■ NEW YORK TELEPHONE COMPANY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 64694.) — Appeal from a judgment of the Court of Claims (Lengyel, J.), entered September 21, 1983, which dismissed the claim.

In December of 1978, employees of the State Department of Transportation (DOT) undertook to replace a sidewalk on the Broad Street approach to the Waterford Bridge in the Village of Waterford, Saratoga County. On December 20, 1978, while a DOT crew was laying steel curb forms, certain telephone cables owned by claimant were damaged. Claimant filed a claim for damages in excess of $20,000, allegedly caused by the negligence and lack of care on the part of the employees of DOT. In its answer, the State affirmatively pleaded that claimant's culpable conduct caused or contributed to cause the damages alleged in the claim (CPLR art 14).

By decision dated September 8, 1983, the Court of Claims granted the State's motion, made at the close of the evidence, to dismiss the claim. This appeal by claimant ensued.

We reverse and remit the matter to the Court of Claims for further consideration in keeping with the provisions of CPLR article 14. We cannot agree with the trial court that the record supports the holding that the State was not liable in any degree

in its conduct of sidewalk installation. DOT began its excavation work without checking with claimant or requesting that a representative of claimant come to the site to locate claimant's cables. Further, an employee of claimant testified that he visited the site in October, 1978 and marked the location of underground cables on the bridge surface with orange paint. While the trial court could choose not to credit the testimony of claimant's employee, since the bridge repair supervisor for DOT testified that he never saw such markings, the supervisor nevertheless conceded that an employee of claimant came to the site and accompanied him under the bridge to visually inspect cable locations. Even if we accept DOT's assertion that claimant's employee left the bridge site without giving DOT's bridge repair supervisor any specific warning about excavating in the area of the cables, the fact remains that DOT knew of the existence of claimant's cables and its excavating work damaged them. It therefore appears to us that the factual pattern herein readily lends itself to the application of the doctrine of comparative negligence.

Judgment reversed, on the law and the facts, without costs, and matter remitted to the Court of Claims for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.